FILED
2009 Mar-04 PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES TANNEHILL, II, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:08-cv-01142-LSC |
| ) | |
| TROY KING, et al., ) | |
| ) | |
| Defendants ) | |

**O R D E R**

The above-entitled civil action is before the court on the Motion for Sanctions filed by defendants Jeffrey Enfinger and Heritage Plantation, Inc. (Doc. #50). These defendants seek sanctions in the form of costs and attorney fees against plaintiff pursuant to Rule 11, Fed.R.Civ.P., contending that plaintiff's claims in this action are objectively frivolous and lack factual and legal basis. Defendants also argue that this action was brought for an improper purpose, that of harassing defendants.

Rule 11, Fed.R.Civ.P., provides in relevant part:

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court

may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or
(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

While the *pro se* status of a litigant is a consideration in deciding whether to impose sanctions, *pro se* status alone does not shield a party from being sanctioned. *Warren v. Guelder*, 29 F.3d 1386 (9th Cir. 1996); *Schramek v. Jones*, 161 F.R.D. 119

(M.D.Fla. 1995). However, *pro se* litigants are held to a more lenient standard than attorneys and represented parties. *Horton v. TWA*, 169 F.R.D. 11 (E.D.N.Y. 1996); *Vitale v. First Fid. Leasing Group, Inc.*, 187 F.R.D. 445 (D.Conn. 1999).

In filing a pleading in a federal court, an attorney or party certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and "is not presented for any improper purpose." The objective standard for testing conduct under Rule 11, Fed.R.Civ.P., is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted.

The Eleventh Circuit requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). *But see Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002), which states:

> Rule 11 requires district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; **or** (3) is submitted in bad faith for an improper purpose. *See* Fed.R.Civ.P. 11(b).

*Id.* at 1294 (emphasis added). *See also Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (same).

Plaintiff asserted causes of action against Enfinger and Heritage Plantation for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, fraudulent misrepresentation and wantonness. In this case, although the court ultimately granted the motion to dismiss filed by Enfinger and Heritage Plantation, the court declines to find that there was no reasonable factual basis for plaintiff's claims. Further, plaintiff, as a *pro se* litigant, cannot be faulted for asserting the legal claims that he did based on what occurred in connection with the Probate Court proceedings. The complexities of a RICO case and the differences among circuits on the proof required for a viable RICO claim militate against a finding that the claims were not legally tenable. Plaintiff had filed a motion to amend his complaint in the state court proceedings to add fraud claims against Enfinger and Heritage Plantation regarding the Petition to Transfer Lien filed in the probate court; there is no evidence that the state court has denied the motion to amend. Therefore, plaintiff had no

reason to believe that he would be unsuccessful in asserting such a claim here. The court also notes that after defendants filed their motions to dismiss, plaintiff did not file any response insisting that his position was correct. The court does not conclude that plaintiff's purpose in filing this action against Enfinger and Heritage Plantation was in bad faith or for an improper purpose, such as harassment of these defendants. Instead, it was a misguided attempt by a *pro se* litigant to obtain judicial relief in connection with state and probate court proceedings which he viewed as an injustice to him.

Based on the foregoing, it is ORDERED that the Motion for Sanctions filed by defendants Jeffrey Enfinger and Heritage Plantation, Inc. is due to be and hereby is DENIED.

Done this 4th day of March 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671